UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMY D. LOGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 20-cv-1170-JBM |
| ) | |
| **JENNIFER MEEKER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a claim under 42 USC § 1983, alleging deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ANALYSIS

Plaintiff discloses that in April 2017, while at the Stateville N.R.C. facility, he was diagnosed with Hepatitis C. Plaintiff was told that he would receive treatment when he arrived at his designated institution. Plaintiff was transferred to IRCC where he was diagnosed with Stage 1 Hepatitis C, and told that under the protocols, Stage I did not require treatment. Plaintiff claims

that he fears that, without treatment, his disease will progress to Stage 2 and cause liver damage and possible death. He names Jennifer Meeker, the IRCC Healthcare Administrator; Rob Jeffreys the current Director of the Illinois Department of Corrections ("IDOC"); and John Baldwin, the former director. Plaintiff seeks injunctive relief as well as compensatory and punitive damages.

In his allegations as to lack of treatment, Plaintiff refers the consent decree entered in *Lippert v. Ghosh*, No. 10-4603 (N.D. Ill.) ("*Lippert*"). *Lippert* is a class action brought on behalf of "all prisoners in the custody of [IDOC] with serious medical or dental needs." *See id*. [ECF 1238 at 2].The consent decree covers inmates with chronic diseases, including Hepatitis C. *See Orr v. Shicker*, 953 F.3d 490, 495-96 (7th Cir. 2020). As Plaintiff is a *Lippert* class member, he comes under the terms of the *Lippert* consent decree and must follow the dispute resolution provisions provided therein. Under the terms, if an inmate believes that IDOC is not in substantial compliance with the decree, the inmate must provide notice to IDOC. If the inmate and IDOC cannot reach a resolution, either side may seek relief from the district court overseeing *Lippert*. *See Orr,* 953 F.3d at 495-96.

This Court notes, in fact, that *Lippert* class members recently filed a motion for modification of the Hepatitis C protocols. There, the court found the motion premature as the litigants were required to wait for the outcome of the consent decree dispute resolution process. *Lippert*, No. 10-4603 [ECF 1344]. It would appear, therefore, that Plaintiff may not proceed here on any related claim for injunctive relief which is currently being litigated in *Lippert*. However, as *Lippert* seeks only declaratory and injunctive relief, and Plaintiff here seeks money damages as well, he may otherwise proceed. *See Crowder v. Lash*, 687 F.2d 996, 1009 (7th Cir. 1982) (a plaintiff may proceed on an individual Eighth Amendment claim for money damages even if a member of a class action where only declaratory or injunctive relief is sought). Plaintiff is placed

on notice however, that any injunctive relief ordered in *Lippert* might overlap and render moot any injunctive relief Plaintiff requests here. *Jackson v. Wexford Health Sources, Inc.*, No. 15-920, 2015 WL 6663954, at *5 (S.D. Ill. Nov. 2, 2015).

While Plaintiff might otherwise proceed on his deliberate indifference claim, he has failed to sufficiently plead such a claim. "A prison official is deliberately indifferent when he 'knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Campbell v. Sec'y, Dept. of Corr.*, No. 05-481, 2005 WL 2917465, at *8 (W.D. Wis. Nov. 3, 2005) quoting *Farmer v. Brennan,* 511 U.S. 825 (1994). Here, Plaintiff alleges only that he has Stage 1 Hepatitis C which, according to protocols, does not require treatment. Plaintiff's complaint will be dismissed though he will be given an opportunity to replead.

Plaintiff is further advised that he has properly named Director Jeffreys in an official capacity claim to the extent he seeks injunctive relief. However, as Director Jeffreys has succeeded former Director Baldwin, the former Director is not a proper party and is DISMISSED. *See Aleman v. Milwaukee County*, 35 F. Supp. 2d 710, 717 (E.D. Wis. 1999). "When a public officer is a party to an action in his official capacity and during its pendency ... ceases to hold office, ... the officer's successor is automatically substituted as a party." Fed.R.Civ.P. 25(d)(1).

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given an opportunity, within 30 days, to file an amended complaint providing additional detail to support his claim. This pleading is to

stand complete, on its own, as piecemeal complaints are not allowed. If Plaintiff fails to replead, this case will be dismissed without prejudice. Defendant Baldwin is DISMISSED.

    2.    Plaintiff files [5] a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007. [5] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel. Plaintiff files [6], a letter and [7], a motion, each requesting alternate dispute resolution. This procedure is not available to Plaintiff in a § 1983 action. Plaintiff is further advised that when he requests relief of this Court, he is to file it as a motion, not a letter. [6] and [7] are DENIED. Plaintiff's motion for status [8], is rendered MOOT by this order.

  10/20/2020                                                   s/Joe Billy McDade
ENTERED                                               JOE BILLY McDADE
                                                          UNITED STATES DISTRICT JUDGE