## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMY D. LOGAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-1170-JBM |
| **JENNIFER MEEKER, et al.,** | ) |
| **Defendants.** | ) |

### MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, Jimmy D. Logan, proceeding *pro se*, files an amended complaint under 42 USC § 1983, alleging deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face. *"Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### ANALYSIS

Plaintiff has been diagnosed with Hepatitis C and is a class member and party to the consent decree entered in *Lippert v. Ghosh*, No. 10-4603 (N.D. Ill.) ("*Lippert*"). *Lippert* is brought on behalf of all IDOC prisoners with serious medical and dental needs, including chronic illness such as Hepatitis C. *Orr v. Shicker*, 953 F.3d 490, 495-96 (7th Cir. 2020). As a

1

*Lippert* class plaintiff, Mr. Logan comes under the terms of the *Lippert* consent decree and must follow the dispute resolution provisions of the consent decree. *See id.* at 495-96.

As previously noted, Plaintiff has Stage 1 Hepatitis C which, under the applicable protocols, is not currently being treated. *See id.* at 495. "The 2019 Protocol also establishes priorities for the treatment of HCV-positive inmates. IDOC recognized that '[a]lthough nearly all patients with chronic hepatitis C infection are candidates for HCV therapy, there may be more urgency to treat certain patients first.'"

Plaintiff claims, however, that without treatment his Stage I disease will progress, endangering his life. Plaintiff also complains that he suffers excruciating pain "that paralyzes my liver, stomach, intestines, kidneys, etc. due to fibrosis damage, these attacks last from five or more minutes…" Plaintiff alleges that he has informed unidentified staff of these complaints. He names Jennifer Meeker, the IRCC Healthcare Administrator and Rob Jeffreys, the current Director of the Illinois Department of Corrections ("IDOC"), seeking compensatory and punitive damages.

**ANALYSIS**

Plaintiff cannot proceed here to the extent he wishes to dispute the provisions of the *Lippert* consent decree whereby treatment is not currently being provided to those with Stage I Hepatitis C. *See Orr* at 496. Plaintiff may proceed to the extent he alleges that any Defendant was deliberately indifferent to the pain he was experiencing. However, while Plaintiff claims to have suffered excruciating pain, he does not identify any individual to whom he made such complaints nor allege that he was not provided pain medication or otherwise treated. To be liable for deliberate indifference a prison official must have known of and disregarded "an excessive risk to inmate health and safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Campbell v. Sec'y, Dept. of Corr.*, No. 05-481, 2005 WL 2917465, at *8 (W.D. Wis. Nov. 3, 2005) quoting *Farmer v. Brennan,* 511 U.S. 825 (1994).

Plaintiff names Healthcare Administrator Meeker and IDOC Director Jeffreys but does not allege that either was aware of the abdominal pain he was experiencing and deliberately indifferent to it. While he claims "staff" was aware, he does not identify to whom he made his complaints or allege that his pain went untreated. Plaintiff will be given a final opportunity to amend to plead a claim against those staff members who were deliberately indifferent to his abdominal pain. He may not, however, assert a claim that Stage I Hepatitis C patients should receive treatment beyond that currently authorized in the consent decree. If Plaintiff wishes to challenge the protocols, he must do so in the *Lippert* case. *See Orr,* 953 F.3d at 495-96.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given a final opportunity, within 30 days, to file a second amended complaint consistent with the instruction in this order. The pleading is to be captioned Second Amended Complaint and is to stand complete, on its own, without reference to a prior pleading. If Plaintiff fails to replead, this case will be dismissed without prejudice.

2. Plaintiff files [13], a motion for status, asking that the Court forward a copy of his recently filed amended complaint. Plaintiff is advised that it is his responsibility to keep copies of all of his pleadings. The Court will, however, direct the clerk to send Plaintiff, a copy of the amended complaint. [13] is, therefore GRANTED.

_3/5/2021_                                          _s/Joe Billy McDade_
ENTERED                                           JOE BILLY McDADE
                                                UNITED STATES DISTRICT JUDGE